STATEMENF OF FACTS

On January 17, 2019, an adult female ("reporting person") contacted the Metropolitan Police of the District of Columbia (MPDC) to report that her daughter, a ten year old female, had been contacted by text message by an unknown male, later identified by the Federal Bureau of Investigation (FBI) as the defendant, Johnny Cory Lainez. The reporting person was put in contact with a detective assigned to the Federal Bureau of Investigation (FBI) / MPDC Child Exploitation and Human Trafficking Task Force (CEHTTF) who investigated the matter.

The reporting person advised the detective that the defendant had contacted her daughter from a telephone number of (XXX) XXX-XXX, and was aware that the daughter was ten years old. The defendant asked the child in these messages to send "pics" of herself. The reporting person observed these messages on her child's phone, and subsequently reported the conduct to the FBI / MPDC CEHTTF.

A records check of the telephone number of (XXX) XXX-XXX found that the telephone number was owned by Sprint and registered to the defendant, Johnny Cory Lainez, with a date of birth of XXXXXXXX. The CEHTTF conducted a records check of Johnny Cory Lainez and determined that he is registered as a "Complaint Tier III Sex Offender" in Montgomery County, Maryland as a result of a conviction for "Carnal Knowledge of a child (13 to 15 years of age)" on December 20, 2012 in Arlington County, Virginia. On his sex offender registration, the defendant reported that he resided at XXX XXXXXX in Bethesda Maryland, and worked at XXXXXXXXXX in Beltsville, Maryland. The defendant also reported that he is the operator of a black Hyundai with Maryland registration of "XXXX."

On January 24, 2019, an undercover employee (UC) assigned to the FBI / MPDC CEHTTF initiated contact with the defendant via text message at the defendant's known

telephone number of (XXX) XXX-XXX.  The UC posed as a twelve year old female, and identified himself as such during the initial contact with the defendant by stating via text message that he was, "turning 13."  The defendant acknowledged this information, and continued to exchange text messages the UC.

During the course of the messaging exchange, the defendant advised the UC that he resided in Bethesda, Maryland.  The UC, posing as the child, told the defendant that his parents were divorced and that he lived between Virginia and Washington, D.C. with his two parents, and attended school in Virginia.  The UC informed the defendant his name was "Emma" and the defendant identified himself as "Johnny."

During the course of the online conversation, the defendant eventually asked the purported child to send photographs of her face, breasts, and body.  The defendant specifically stated, "When you get home text me a naked pic of you so I know you are not a cop."  The UC complied by sending the defendant images depicting the purported child's face, abdomen, chest and underwear.[1]  The defendant commented on how beautiful the purported child's body was and continued to ask for additional pictures.  The defendant stated, "Your boobs are amazing from what I saw I love pink nipples."  The defendant also sent the UC an image of himself, depicting himself clothed and from the waist up.  The image appeared to match that of the individual pictured in the defendant's sex offender registration.

The defendant repeatedly acknowledged statements by the UC in which the UC, posing as the child, stated she was a minor, and twelve years old.  The defendant asked the purported child at times if she was out of school yet, acknowledged that the purported child had to be careful so her mother did not catch her, and made the following statements:

---

[1] The images did not depict a real child.

UC: You told me to put the note on my boobs, I'm flat chested and embarrassed.

Defendant: Baby your boobs are money trust me [you] should be proud of them for realz![2]  But I did not get that pic?

The defendant asked the purported child to meet him in Washington, D.C., and arranged to meet her at the end of January 2019.  The defendant proposed that he would pay eighty dollars to engage in sex acts after the UC, posing as the child, disclosed that, on a previous occasion, a boy her age had given her eighty dollars to engage in oral sex with a him.  The UC, pretending to be the child, and the defendant engaged in the following conversation:

Defendant: Baby you will get more from me and in the long run you will even more out of me

UC: How much are you going to give me tomorrow and what's do u want me to do.

UC: I wanna to know what I have to do to get more money than what I got from him.

Defendant: 80 and same as the boy with the intimacy.

UC: Ok how long does it take you to finish and just have to suck your dick for 80 right?

Defendant: Not sure but not long tho.

UC: Ok and just suck right?

Defendant: Ever had your pussy eaten?

UC: Yes once I liked it but this boy only wanted to finger me and have me suck him.

Defendant: I can make you cum really hard by sucking on your pussy.

Later that day, the defendant texted the purported child and pretended that a friend had taken his phone.  The defendant stated, "I don't know who you are but a friend of mine had my

---

[2] All typographical errors and abbreviated language in quoted text messaging language are original.

phone for a few days and I believe he has been playing a head game with you. My name is Johnny and I suspect that while my friend had my phone he was in communication with you and even sent a picture of myself to you."

The defendant continued to apologize to the purported child and told her he would still give her eighty dollars because his friend felt bad for playing games with her. The UC ended the messaging exchange with the defendant at that time. The UC, still acting as the child, advised the defendant that he could keep the money, and reported that she was no longer interested with him.

On Saturday, March 9, 2019, the defendant again contacted the purported child on the UC's number. The defendant again attempted to arrange to meet the purported child to engage in sex acts. The UC, pretending to be the child, again reminded the defendant that she was a twelve-year-old female. The defendant then engaged in the following conversation with the UC via text message to arrange the meeting:

Defendant: When can we meet ? Any chance we can meet today after 7?

UC: Ok maybe what u want for that

Defendant: Talk first get comfortable then see same as the other boys.

UC: All I do for them is blowjobs for 80.

Defendant: That can work , you enjoy having your pussy eaten?

UCE: Yeah, I actually do

Defendant: I can eat you pussy

The defendant agreed to meet the purported child near the Verizon Center at 7:30 pm on March 11, 2019. The defendant asked the purported child to wear a skirt for the meeting, and asked if they could go to the child's residence near the Verizon Center. After the UC, acting as

the child, told the defendant that her father would not be home until 1:00 am, the defendant stated, "What are you going to be wearing so I know to look for at the Verizon metro entrance. Plenty of time for me to eat your pussy."

Members of the FBI / MPDC CEHTTF were stationed in the area of the Verizon Center near the planned meeting point from approximately 7:00 pm to conduct surveillance in the area for the defendant's vehicle. The defendant was in communication with the purported child while the members were in the area, and texted the purported child that he had made it to the area. The defendant stated that he was at the intersection of 7th and F Street Northwest.

Members of the CEHTTF observed the defendant at the northeast corner of 7th and F Street, Northwest in a black Hyundai sedan bearing Maryland Registration of "XXXXX." A traffic stop was conducted at the location by the members of the CEHTTF, and the defendant was taken into custody without incident.

The defendant was identified on scene as Johnny Cory Lainez, with a date of birth of XXXXXX and a residential address of XXXX Johnson Avenue, Bethesda, Maryland. The defendant matched the image sent to the UC in the course of the chats and depicted on the defendant's sex offender registration. The defendant was in possession of a cellular phone in the vehicle, which was seized incident to arrest. The defendant was arrested transported to the FBI Washington Field Office (WFO) where he was advised of his Miranda Rights. The defendant waived his rights, and an audio and video recorded interview was conducted.

During the course of his interview, the defendant confirmed that his telephone number is (XXX) XXX-XXXX, and that he had been in communication with what he thought was a twelve-year-old female child via text message. The defendant reported that he had always been

the person speaking to the UC, even during the communications in which he had previously pretended that someone else had used his phone. The defendant advised that he had agreed via text message to travel from his home in Montgomery County, Maryland to engage in sexual acts with a twelve-year-old female for eighty dollars in US Currency. The defendant then stated, however, that he just wanted to "talk" if a child did approach his vehicle and would not have gone through with the sexual acts.

Respectfully submitted,

_____
Thomas Sullivan, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 12th day of March, 2019

_____
Honorable Robin Meriweather
United States Magistrate Judge